Tompkins, J.,
delivered the opinion of the Court.
Evans using the name of the Governor of Missouri, sued John Hays, George Henderson and othersj in an action of debt. The defendants demurred and had judgment on the demurrer in the Circuit Court; and Evans here prosecutes his writ of error to reverse that judgment.
The declaration consisted of two counts; in the first count it is alledged that Daniel E. Steinbeck, Bartholomew Cousin and John Hays executed their bond dated 4th May, 1813, to George Henderson, Judge of Probate, for the sum of $10,000, with a condition that said Steinbeck should duly administer the estate of Louis Lorimier, &c. .In the second count it is alledged, that George Henderson, Morgan Byrne and William Gamer, on the 31st Jan., 1814, executed their bond for the sum of twenty-thousand dollars, to Joseph McFerron, Clerk of the Court of Common Pleas for the county of Cape Girardeau, conditioned that said Henderson, administrator of Louis Lorimier, with the will annexed, shall duly administer the goods, &c., remain *306 ing to be administered, &c. The plaintiff then goes on to assign joint breaches of the conditions, of the two bonds above mentioned. By the defendants in error, it is insisted, first. That the legal interest of the first bond is in George Henderson, and that of the second is in Joseph McFerron. Second. That there is a misjoinder of parties in this action and oí causes of action.
First. The two bonds were executed under the Territorial government. By the 4th section of the schedule to the State Constitution it is provided, that all bonds executed to the Governor of the Territory, or to any other officer or Court in official capacity, shall pass over to the Governor or other State authority, and to their successors in office for the uses therein respectively expressed, and may be sued for and recovered accordingly.
By the 10th section of the act establishing Circuit and County Courts, approved 28th Nov. 1820, all power of granting letters of administration, &e.,is granted to the County Courts; but it is not provided that the bond shall he made to any particular person. By the 9th section of the act concerning executors and administrators, approved 12th January, 1822, it is required that bonds of executors and administrators shall be made to the Governor and his successors in office; and by another section, that suits on such bond shall be instituted in the name of the Governor. By the 9th section of the act approved 21st February, 1825, Revised Code, p. 95, such bonds are required to be executed to the State, and in a subsequent part it is provided that they shall be sued on in the name of the State. This is the last provision by statute; and this action being commenced in the year 1830, should have been in the name of the State. If we inquire into the meaning of the words, “successor in office,” used in the 4th section of the schedule, we must confine it to the subject matter. The bond under the Territorial government was executed to the Clerk of the Court of Common Pleas, in 1822, under the State government to the Governor: he then must be the successor in office, as to the suhjeot matter of this inquiry: in the year 1825, bonds were executed to the State; the State, then, we think, become for the present purpose, successor in office to the Clerk of the Court of Common Pleas, to whom one of these bonds was executed, and also to the Recorder, to whom the other was executed ; and we think the suit should have been in the name of the State.
The second point insisted on, to-wit: that there is a misjoinder of parties to this action and of causes of action, is for the defendants. It is almost needless to say that Henderson and his securities could not, on their bond, he made answerable for the acts of the prior administrator, who must necessarily cease to he administrator before Henderson began to he such. The judgment of the. Circuit Court is affirmed.